## 1858.

---

## COUNTY OF PENOBSCOT.

---

PREACHERS' AID SOCIETY OF THE MAINE CONFERENCE OF THE
METHODIST EPISCOPAL CHURCH *versus*
SYLVANUS RICH, *Executor*.

Where a society claimed a legacy given by a will, as being the legatees intend-
ed, although in the will the name of the association is not stated with pre-
cision, if all the circumstances indicate that this and no other society was
intended, their claim will be sustained.

A bequest to charitable uses, to an unincorporated society may be enforced,
by virtue of the statute of 43 Eliz. c. 4, which has been regarded as a part
of the common law of this State, even if it could not be made effectual with-
out that statute.

A court of equity will take care, if possible, in cases of charitable gifts, to
give them effect. And, if the object can be ascertained, the want of a trustee
to execute the trust will be supplied by an appoinment by the Court.

Where a bequest was made to an unincorporated association, and, after the
death of the testator, its members became legally incorporated, the Court
directed that the property bequeathed be delivered to the corporation to be
held in trust, for the purposes specified by the testator.

BILL IN EQUITY, which is dated March 4, 1858, wherein the
plaintiffs allege, in substance, that by an Act of the Legisla-
ture of this State, approved on the 26th day of January, 1858,
they were created a corporation; that John Ham, deceased,

by his last will and testament made a devise in the following words, to wit: — "I give and bequeath to the Maine Methodist Conference Ministers Aid Society, Penobscot & Kennebec railroad bonds to the amount of $800. To have and to hold as a permanent fund, paying only the annual income thereof yearly to the most needy preachers in the East Maine Conference."

The will is of the date of Feb. 18, 1857; was proved and allowed in Probate at April term, 1857. At the date of the will and at the time of the probate of the same, the plaintiffs were an unincorporated society or association in the State of Maine, under the same name as aforesaid, in which they now sue, which society was connected with the Maine Conference of the Methodist Episcopal church, and was duly organized in the usual manner, with proper officers, &c., holding its annual meetings in connection with the proceedings of said Conference; that the end and design of the society was for the *charitable use* of aiding and assisting needy ministers of said Methodist Episcopal church, in the support and maintenance of themselves and families, which was a religious use, promotive of the good and welfare of the community, and not opposed thereto, and is such an use as law and equity upholds, and will enforce as legal and binding in the settlement of estates.

That said Ham, by the devise, intended to designate said plaintiff association as the object of the bequest. The names are substantially the same. There is no association or corporation of the exact name given in the will, nor any other association or corporation of the Maine Conference existing for that or any similar use or object in Maine or elsewhere. And the plaintiffs charge that it is absolutely certain that they are intended by the said devise.

That, after the death of said Ham, the plaintiffs procured an Act of incorporation for said association under the same name, which Act has been accepted, and the corporation duly organized. That said Act gives them the right to hold real and personal estate to the amount of fifteen thousand dollars, but they have not property of the value of five thousand dol-

lars. The association is merged in the corporation, and the old organization has become extinct.

That the said Sylvanus Rich has been duly appointed executor of said Ham's will and estate, and among the effects in his hands are the bonds devised, which plaintiffs have requested him to deliver to them, and which he refuses to do, alleging he has no right or power, under the will, to deliver the same to plaintiffs. That said bonds are not needed to pay debts, &c.

The prayer is for disclosure and for a decree that said Rich holds said bonds in trust, and that he perform the trust by delivering and assigning them to the plaintiffs for the uses specified in the devise; and for such further relief as may be equitable, &c.

The defendant, in his answer, admits all the material allegations contained in the bill, and assigns the reason for his refusal to deliver to plaintiffs the said bonds, that doubts exist of the validity of the devise, it being to an unincorporated society.

*A. W. Paine*, for plaintiffs : —

Two questions are presented by the bill, viz. : —

I. Whether an unincorporated association can take a devise under the circumstances set forth in the bill and answer.

II. If so, whether the mistake in the name, in the present case, can or will have the effect to deprive the devisee of the intended gift or legacy.

I. Under the first point, it is to be noticed that, by the bill and answer, the association is shown to be one of a religious character and for a charitable use, and thus within the provisions of the statute of Elizabeth, in regard to " charitable uses." That has been fully adopted and is a part of the common law of Massachusetts and this State. See *Going* v. *Emery*, 16 Pick. 107, 115, and authorities cited, next page.

The question, whether such charitable associations may take property as devisee under a will, has been frequently before the courts in this country, and their decisions have been

almost uniformly in favor of the affirmative. 1 Jarman on Wills, (2d Am. ed.,) 99 and 100, [57, 58,] and notes; Angell & Ames on Corp. (3d ed.) 150, and notes.

In Vermont, *Burr* v. *Smith,* 7 Vt. 241, the doctrine is thus settled.

In Pennsylvania, the doctrine is adopted to the full extent. *Zimmerman* v. *Andres,* 6 Watts & Serg., 218.

In Massachusetts, the question has been often decided. *Burbank* v. *Whitney,* 24 Pick. 146; *Bartlett* v. *Nye,* 4 Met. 378; *Washburn* v. *Sewall,* 9 Met. 280; *Sanderson* v. *White,* 18 Pick. 328; *Brown* v. *Kelsey,* 2 Cush. 243; *Wells* v. *Doane,* 3 Gray, 201.

In New York, the cases of *Potter* v. *Chapin,* 6 Paige, 649; *McCarter* v. *O. A. Society,* 9 Cow. 484.

United States, *Beatty* v. *Kentz,* 2 Pet. 583.

The statute of Elizabeth having been recognized as adopted here before the separation of Maine from Massachusetts, it will be regarded as conclusive that it has been adopted as a part of our common law. *Bartlett* v. *King,* 12 Mass. 537; *Washburn* v. *Sewall,* 9 Met. 280.

In all these cases, the doctrine has been directly affirmed, that such unincorporated societies may take property as devisee, and equity will hold the executor or other party having possession of the legal title as trustee for such charity, and compel him to perform such trust.

Or, in case there is no one thus situated, the Court will appoint a trustee to take charge of the property, so that it may be applied to the uses designated in the will.

The case cited, of *Washburn* v. *Sewall,* 9 Met. 280, is direct and strong to this point. *Brown* v. *Kelsey,* 2 Cush. 243, also affirms the same, and so too, *Bartlett* v. *Nye,* 4 Met. 378; *Beatty* v. *Kentz,* 2 Pet. 583; *Potter* v. *Chapin,* 6 Paige, 649; *McCarter* v. *O. A. Society,* 9 Cow. 484.

It may then be regarded as fully settled, that the devise to the association is good, and that, to uphold it, the Court will appoint a trustee for that purpose, if necessary, in accordance with the principles of the cases last cited. But here it ap-

pears that the association has, since the death, become incorporated by Act of the Legislature. It has thus become a legal body, capable of holding property itself. The devisee has thus consummated its own existence, by merging its former immature state into the mature one; the child has become a man, the guardian may then be dismissed, and the man himself take the charge of his estate. The identity of the old association and the new incorporation being established, the Court can thus decree the conveyance directly to them. Or, at least, if they cannot do this, yet, acting in conformity with the decision of the Court, and especially in *Washburn* v. *Sewall*, 9 Met. 280, the Court can appoint the corporation as the trustee for the purpose of carrying out the object of the devise. This they can do with perfect propriety, for a corporation may act as trustee when the trust is not inconsistent with the character and object of the corporation. *Phillips Academy* v. *King*, 12 Mass. 546.

But it is on the principle of the established identity of the association with the corporation, that the decree is asked to have the bonds assigned and delivered to them. The association has become merged in the new incorporation, and is thus itself the object of the testator's favor.

II. What effect has the mistake made by the testator in the use of the name of the intended devisee upon the validity of the devise?

The true name of the association to which the devise was made is "Preachers' Aid Society of the Maine Conference of the Methodist Episcopal Church."

The name used is—"The Maine Methodist Conference Ministers' Aid Society."

In both, the same idea is expressed, the adjective instead of the possessive form of expression being used.

The word "preacher," being regarded as the same or equivalent to "minister," as in common parlance it always is the same, the two forms of words convey exactly the same idea, and not only so, but the collocation of the words convey the same and no other idea.

The object of testator was, clearly, the association or society, established in connection with the Maine Methodist Conference and having for its object the aiding of poor and needy ministers of the Methodist denomination.

There was but one association of that kind, and, in giving expression to his idea, he merely gave the adjective form instead of another to the expression. He fortunately got in all the words necessary to ensure the meaning of the name that the association had adopted. Thus, the Maine Conference is mentioned, the Methodist denomination is made certain, and the particular object in view, the aiding of poor ministers, is pointed out. It was a body having these various qualifications that the testator had in his mind to endow. The Methodist denomination was to be the great object; the Maine Conference the particular object; the aiding of needy ministers the end. The society having these great constituent qualifications was to be made the creature of his bounty. The name designated the full idea, the name of the plaintiff society expressed the same, no more, no less. And, when it is considered that there is no other society answering to the name, the conclusion is inevitable.

It being then conceded or proved that the society is the one intended, is there any thing in the way of the Court giving the devise the intended direction.

It is hardly necessary to refer to any of that large class of cases in which the Court have given effect to a devise by adopting as devisee a person wrongly named in the will. Such cases are numerous, and all go to settle the principle to be that—"Where the name or description of the person or legatee is erroneous, and there is no reasonable doubt as to the person who was intended to be named or described, the mistake will not disappoint the bequest." 1 Jarman on Wills, (2d Am. ed.,) 328, [330,] note, and authorities cited; or, in the language of the text,—

"It is sufficient that the devisee is so designated as to be distinguished from every other person."

"And this, whether the object of the gift be a corporation

or an individual." 1 Jarman on Wills, 328–9, [330,] and note. The same doctrine is laid down by Angell & Ames on Corp., 150, § 7; *Wood* v. *White*, 32 Maine, 340.

A devise to a corporation by the name which it bears in common parlance, though not the true corporate name, is good. *Sutton* v. *Cole*, 3 Pick. 237, and cases cited. And the same is applicable to unincorporated associations. *Bartlett* v. *King*, 12 Mass. 543, and cases cited.

This whole subject is so fully discussed, and principles so distinctly settled, in two recent cases in Massachusetts, that no further argument seems necessary upon this point. *Tucker* v. *Seaman's Aid Society*, 7 Met. 188; *Minot* v. *Boston Asylum*, &c., 7 Met. 416.

The defendant submitted the case on his part upon his answer, without argument.

The opinion of the Court was drawn up by

TENNEY, C. J.—The case is presented on bill and answer. The statements of the former are substantially admitted by the latter.

The defendant declined to deliver the bonds bequeathed by. the will, on account of a doubt which he entertained, whether the society, unincorporated at the time of the execution of the will, and the death of the testator, though having a legal existence when the bill was filed, could take the bequest, and he wished the decree of the Court for his direction in the premises.

No objection can be made to the maintenance of the bill, on account of the want of proper parties thereto. In cases like the present, trustees and executors are supposed to represent all parties in interest. Story's Eq. Plead. § 150.

The society, to which the legacy was given, is not, in *name*, the one which was known as having an existence, before its incorporation. But there can be no doubt, from the statements in the bill, admitted in the answer, that the plaintiffs were the society intended by the testator, as the one which should be the almoner of his bequest. The principle stated

by SHAW, C. J., in delivering the opinion of the Court, in *Tucker & als.* v. *Seaman's Aid Society & als.*, 7 Met. 188, will well apply:—" That the evidence does not create the gift, but simply directs it. When the name or description in the will does not designate with precision any person, but, when the circumstances come to be proved, so many of them concur to indicate that a particular person was intended, and no similar conclusive circumstances appear, to distinguish any other person, the person thus shown to be intended will take."

2. A bequest to charitable uses, to an unincorporated society, may be enforced, by virtue of the statute of 43 Eliz., c. 4, which has been regarded as a part of the common law of this State, even if it could not be made effectual without that statute. The better opinion of the most eminent jurists, in England and in this country, is, that a donation to charitable uses could be carried into effect, in chancery, without the aid of the statute of Elizabeth. *Burbank* v. *Whitney*, 24 Pick. 146, and cases therein cited.

3. It appears from the bequest itself, and is admitted in the answer, that the association at the time of the execution of the will, and the corporation since, had for its object a charitable and religious use, promotive of public good, and in no way opposed thereto. The legacy, in its general character, is similar to those which have often been before courts of equity; is one which falls within the provision of the statute of Elizabeth, and which the law will uphold. *Tucker & als.* v. *Seaman's Aid Society & als.*, before cited; *Minot & al.* v. *Boston Farm School*, &c., Ibid. 416.

The Court will take care, if possible, in cases of charitable gifts, to give them effect. And, if the object can be ascertained, the want of a trustee to execute the trust will be supplied by an appointment by the Court. *Kingsbury* v. *Gould, Ex'r*, 9 Met. 280.

The plaintiffs now exist as a corporation. Special Laws of 1858, c. 131. They have, therefore, a capacity to execute the trust, according to the will. It will effectuate the intention

of the testator that they should do so. For that purpose, they are hereby constituted trustees; and it is decreed that the executor deliver to the treasurer, or other proper officer or officers of the corporation, the bonds which are the subject of the testator's bequest, with the legal assignment thereof.

RICE, HATHAWAY, APPLETON, CUTTING, and GOODENOW, J. J., concurred.