# Mt. Carmel Borough *v.* Fisher, Appellant.

*Boroughs—Curbstone market—Ordinance—Police regulation.*

It is the common law of Pennsylvania that every municipal corporation which has power to make by-laws, and establish ordinances to promote the general welfare and preserve the peace of town or city, may fix the time or places of holding public markets for the sale of foods, and make such other regulations concerning them as may conduce to the public interest.

A borough may by ordinance provide that a curbstone market may be held on certain days of the week, and within certain hours, and prohibit under a penalty sales on the street on any other days or at any other hour, although the occupants of permanent stands or shops are permitted to sell at all hours during all secular days.

Argued Oct. 27, 1902. Appeal, No. 26, Oct. T., 1902, by defendant, from judgment of C. P. Northumberland Co., Dec. T., 1901, No. 173, on verdict for plaintiff, in case of Mt. Carmel Borough v. Williams C. Fisher. Before BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Appeal from justice of the peace. Before SAVIDGE, P. J.
The facts appear by the opinion of the Superior Court.
Verdict and judgment for plaintiff for $5.00. Defendant appealed.

*Error assigned* was in directing verdict for plaintiff.

*S. M. Enterline,* with him *Jefferson Shipman,* for appellant. —The ordinance was an illegal restraint of trade : Mechanicsburg Borough v. Koons, 18 Pa. Superior Ct. 131 ; Com. v. Snyder, 182 Pa. 630 ; Com. v. Gardner, 133 Pa. 284 ; Titusville v. Brennan, 143 Pa. 642 ; Sayre Borough v. Phillips, 148 Pa. 482.

*J. E. Bastress,* for appellee.—The ordinance is not class legislation and not in restraint of trade : Milton Borough v. Hoagland, 3 Pa. C. C. Rep. 283.

OPINION BY ORLADY, J., December 13, 1902 :
But one question is raised by the two assignments of error, to

wit, the validity of the borough ordinance, under which this action in assumpsit was brought. The court below directed a verdict for the plaintiff, and subsequently overruled a motion for a new trial. The defendant, who was a farmer, sold cabbage, sweet potatoes and radishes, the products of his own farm, from his wagon, on the public streets of the borough of Mt. Carmel on a day which, under the ordinance, was not a regular market day. The suit was brought before a justice of the peace for violating the ordinance, and there was a recovery of a judgment for the penalty of $5.00 as a fine, and costs. The ordinance in question is entitled, "An ordinance to establish and regulate a curbstone market in the borough of Mt. Carmel," which indicates with sufficient clearness its purpose and scope, and invites inquiry into its prohibitions and limitations: Mauch Chunk v. McGee, 81 Pa. 433; Gas & Water Co. v. Downingtown Borough, 193 Pa. 255; Com. v. Curry, 4 Pa. Superior Ct. 356; Pittsburg v. Daly, 5 Pa. Superior Ct. 528.

The ordinance provides by section 2, "that a curbstone market shall be held on Tuesday, Thursday and Saturday of each week;" and by section 3, "that during the months of May, June, July, August and September, the market hours shall be between the hours of five and nine o'clock in the forenoon of the market days aforesaid, and during the months of October, November, December, January, February, March and April, the market hours shall be between the hours of five and ten o'clock in the forenoon of the market days aforesaid, provided, however, that occupants of shops or stands on the sidewalks within the borough may sell at all hours during secular days." By section 4 "Oak street is ordained to be the place where the curbstone market shall be held, extending along the line of the curbstone from Avenue to Sixth street; and upon application of persons desiring to occupy a stand or stall in said market, the clerk of the market shall set off stations or positions to those desiring to occupy them regularly." Section 6 provides, "no market wagon or other vehicle containing articles for market, shall be permitted to occupy the street in any other position than being backed up to the curbstone, and no person attending market shall be permitted to occupy by a bench, or otherwise, more than three feet in width of the sidewalk, measured from the curbstone." Section 8 "provides that the curbstone market

shall be held for the sale of grain, all kinds of meat, fish, vegetables and fruit, including every article of farm and garden produce, but no other articles whatsoever." Section 9 provides "it shall not be lawful for any person or persons to hawk or vend on the streets of the borough . . . poultry, fruit or other vegetables from wagons, carts or other vehicles, on any day of the week except on the regular market days established by this ordinance, and on such days only after the hours fixed above for closing the said market."

It is earnestly contended by the appellant that the ordinance is invalid owing to an unjust discrimination between persons in the same business, namely: the occupants of shops or stands on the sidewalks within the borough may sell at all hours during secular days, while those who are authorized to sell under the curbstone market licenses are limited to Tuesday, Thursday and Saturday of each week; there is absolute prohibition against sales of cabbage, sweet potatoes, radishes, etc., from wagons, carts or other vehicles, on the streets to customers on Mondays, Wednesdays and Fridays, though the vendor may sell to local dealers, who are occupants of shops or stands, and these in turn may make legal sales of the articles thus purchased; the system authorized by the ordinance creates a monopoly, is in restraint of trade, and is not a police regulation, and that the appellant had the right to sell products of the soil produced by his labor, anywhere within the borough.

The power to make needful regulations respecting markets and market days and hawking and peddling of market produce and other articles, within the borough, is given to the appellee by sections 1 and 2 of the Act of April 3, 1851, P. L. 320; and ever since Wartman et al. v. City of Philadelphia et al., 33 Pa, 202, the necessity for such reasonable regulations has been recognized by the Supreme Court. "There is nothing which more imperatively requires the constant supervision of some authority which can regulate and control the public market. A municipal corporation, comprising a town of any considerable magnitude, without a public market, subject to the regulations of its own local authorities, would be an anomaly which at present has no existence among us. The state might undoubtedly withhold from a town or a city the right to regulate its markets, but to do so would be an act of mere tyranny and a gross viola-

tion of the principle universally conceded to be just, that every community, whether large or small, should be permitted to control in their own way all those things which concern nobody but themselves. It is, therefore, the common law of Pennsylvania, that every municipal corporation which has power to make by-laws and establish ordinances to promote the general welfare, and preserve the peace of town or city, may fix the time or places of holding public markets for the sale of foods, and make such other regulations concerning them as may conduce to the public interest. We take this to be the true rule, because it is necessary and proper, in harmony with the sentiments of the people, universally practised by our towns, and universally submitted to by the residents of the country." Since this case was decided in 1854, there has been no change in legislation or of conditions to lessen the force of its reasoning. It has been directly followed in many cases ; among others, see O'Maley v. Freeport Borough, 96 Pa. 24, Warren Borough v. Geer, 117 Pa. 207 ; Sharon Borough v. Hawthorne, 123 Pa. 106 ; North Wales Borough v. Brownback, 10 Pa. Superior Ct. 227, and Mechanicsburg Borough v. Koons, 18 Pa. Superior Ct. 131.

It was deemed necessary for the general welfare of the borough to confine the sales to Oak street between Avenue and Sixth street and within the hours and days mentioned. The necessity for the general system, providing for the preservation of the health and comfort of the borough, the free and unobstructed use of its highways, and to insure the sale of only healthy food, and honest weights and measures, is conceded by the appellant. The resident dealer, who has a regular shop or stand, is not within the terms of the ordinance, and the fact that he is premitted to sell at a fixed place of business, which is regulated and provided for by other ordinances or acts of assembly, furnishes no reason why sales of perishable goods should not be regulated and confined to certain places and within certain times. The sale of such articles along the public streets is a proper subject for municipal legislation, as such unrestrained traffic tends to promote disorder, unsanitary conditions and is a fruitful source of imposition on purchasers by the sale of unwholesome food. It was held in Commonwealth v. Gardner, 133 Pa. 284, that farmers are not within the provisions of the Act of March 30, 1784, 2 Smith's Laws, 99, forbidding peddlers

to sell goods, wares and merchandise, which provisions were never intended to include farm products in the hands of the farmer, nor is the transportation of such products to a market, for sale to regular customers, who are supplied by the grower, the sort of business at which laws relating to peddling are directed. Legislation of the character of this ordinance is safely entrusted in the borough councils, as the local community is so directly interested in protecting its citizens from improper sales that if any phase of the ordinance becomes a hardship, it is readily remedied. The necessity for the public market is becoming more emphasized each year under the general health and pure food laws of the commonwealth. The provisions of this ordinance are clear and easily understood; they are reasonable regulations of a matter of vital importance, such as the health and general welfare of the community. Restricting the sales to the curbstone market and limiting them to within certain hours during Tuesday, Thursday and Saturday of each week, and prohibiting all sales from wagons, carts, etc., during the remaining secular days, is likely to result in a direct benefit to the citizens.

The assignments of error are overruled and the judgment is affirmed.