## COOK *v.* UNIVERSALIST GENERAL CONVENTION.

1. WILLS—BEQUESTS TO CHARITIES—CONSTRUCTION—CY PRES DOC-TRINE.

Testatrix bequeathed the remainder of her estate to the "Universalist Japan Mission Fund," for the support of the "Universalist Mission in Japan," and it appeared that the testatrix was a Universalist in faith, and that the Universalist General Convention was the only organized corporation or society of the Universalist denomination having a mission in Japan, and a fund to support the same.   *Held*, that the cy pres doctrine had no application to the bequest, since there was no doubt of testatrix's intention.

2. SAME—TRUSTEE—IDENTIFICATION—PAROL EVIDENCE.

Testatrix bequeathed the remainder of her estate to the "Universalist Japan Mission Fund," for the support of the "Universalist Mission in Japan."   *Held*, that, for the purpose of identifying the trustee intended by testatrix to disburse the fund, parol evidence was admissible to show that testatrix was a Universalist in faith, and had contributed to such fund in her lifetime, and that the Universalist General Convention was the only society or corporation of the Universalist denomination having a mission in Japan, and a fund to support it.

Error to Van Buren; Carr, J.   Submitted October 7, 1904.   (Docket No. 36.)   Decided November 9, 1904.

John Cook appealed from an order of the probate court allowing a bequest in the last will and testament of Ann Smith, deceased, in favor of the Universalist General Convention. There was judgment for contestant, and the claimant brings error. Reversed.

One Ann Smith died testate, leaving no children. After bequests for the erection of headstones over the graves of her father, mother, and herself, and several bequests to her collateral heirs, the seventh clause of her will provides:

" After satisfying all the foregoing demands, I bequeath the remainder of my estate to the Universalist Japan Mission Fund, for the support of the Universalist Mission in Japan."

Upon the distribution of the estate, the Universalist General Convention made claim to this bequest, which amounted to about $1,000. The heirs contested the claim. The probate court held that the manifest intention of the testatrix was to make the bequest to the Universalist General Convention, to be used by it for the support of its mission in Japan. One of the heirs appealed to the circuit court.

Testimony was offered and received establishing the following facts: The testatrix was a Universalist in faith. She had contributed in her lifetime to the support of this same "Japan Missson Fund." She took and read the church paper, in which this fund was designated as "The Universalist Japan Mission Fund." The Universalist General Convention is a corporation organized under the law of the State of New York, is empowered to receive bequests, and is the only society or corporation of the Universalist denomination which has a mission in Japan, and a fund to support it.

When the appellant had rested its case, the circuit court, upon motion of the appellee, struck out the above testimony, and directed a verdict against the claimant. The reason given by the court below for its direction is that the " seventh clause of the will is too indefinite and uncer-

tain to warrant the award of the residue to the Universalist General Convention."

*Lincoln H. Titus* (*William G. Howard*, of counsel), for appellant.

*Benjamin F. Heckert* and *T. J. Cavanaugh*, for appellee.

Grant, J. (*after stating the facts*). The doctrine of cy pres, as defined in 12 Cyc. 1191, and 8 Am. & Eng. Enc. Law (2d Ed.), p. 534, has no application to the facts of this case. The devisee is not seeking to change the intention of the testatrix, or by extrinsic evidence to carry out her scheme as near as it is practicable to do so, or to change an illegal or impossible condition, limitation, or object into the nearest practicable one. There is no doubt of the testatrix's intention. It is clearly expresed within the four corners of the instrument. No other inference can be drawn than that she intended to and did provide that a portion of her estate should be devoted, under the direction of the Universalist Church, to which she belonged, to the support of the Japan mission of that church, as it was known to her, as it had been carried on, and to which she had before contributed. The purpose is lawful and commendable. It should be carried out, "unless there is such an uncertainty that the law is fairly baffled." *Tuxbury* v. *French*, 41 Mich. 12.

The attack by the heirs is based mainly upon the claim that the will provides no trustee to execute the beneficent bequest. The object of the extrinsic evidence is to identify the trustee. A layman, even, would readily understand that the testatrix recognized the existence of an organization having charge of the fund, and one which would immediately be intrusted with the execution of her bequest. No other church than the Universalist, and no other than the Japan mission, are mentioned. There is only one Universalist mission in Japan, and that one is sustained by the claimant corporation. Extrinsic evidence is always

necessary to identify the devisee, and beneficent bequests are not to be defeated by mere misnomers. All that reason and the law require is that the beneficiary shall be so described and named as to be capable of identification.

A legacy to the "Board of Managers of the Foreign Missionary Society of the Methodist Episcopal Church," for the education of girls in India, was held to mean "The Woman's Foreign Missionary Society;" it being the only foreign missionary society in that church engaged in work of that character. The *Woman's Foreign Missionary Soc.* v. *Mitchell*, 93 Md. 199. A "Presbyterian Infirmary on Division street in Baltimore city" is held to mean "The Union Protestant Infirmary;" being the only infirmary on that street. *Reilly* v. *The Union Protestant Infirmary*, 87 Md. 664. Where the bequest was to the "Board of Missions," extrinsic evidence was admitted to show that the testatrix meant the "Board of Missions of the Presbyterian Church in the United States," although there were other denominations having boards of identical names. The extrinsic evidence in that case was very similar to that in this. *Gilmer* v. *Stone*, 120 U. S. 586.

A bequest to the "Canandaigua Orphan Asylum, at Canandaigua, Ontario county, New York," was held to mean the "Ontario Orphan Asylum," located there. *Bristol* v. *Ontario Orphan Asylum*, 60 Conn. 472. A bequest to the "Methodist Episcopal Church School," situated in B., was held to mean a school at that place of a different name, but controlled by that church. *Ross' Ex'r* v. *Kiger*, 42 W. Va. 402. For further illustration, see Page on Wills, § 539.

Cases of this character might be multiplied almost indefinitely. Misnomers in property and beneficiaries are exceedingly common. It is enough if the testator uses language which is sufficiently clear to enable courts by extrinsic evidence to identify either the property (*Oades* v. *Marsh*, 111 Mich. 168), or the beneficiary and trustee.

Should one make a bequest to the law or the medical department of the University of Michigan, or to a depart-

ment of any college, would a bequest be defeated because the name of the trustee to execute the trust was not mentioned, although it is clearly implied ? If a bequest should be made to "The Woman's Hospital Fund of the City of Lansing," and it were shown that the only hospital in that city was "The Women's Hospital Association of the City of Lansing," and there was in fact a fund commonly known as "The Women's Hospital Fund," should the clear intent of the testator be defeated because he failed to mention the trustee which alone has charge of the fund ?

We think the learned circuit judge was in error in excluding the evidence, and that this is one of those cases where extrinsic evidence is proper to identify the beneficiary in which the title to the bequest will vest.

Judgment reversed and new trial ordered.

The other Justices concurred.