In Re HAVESGAARD'S ESTATE.

HENDRICKSON, Plaintiff, v. BENSON, et al, Defendants.
ALRICK, et al, Appellants, v. NORWEGIAN LUTHERAN
CHURCH OF AMERICA, et al, Respondents.

(238 N. W. 130.)

(File No. 6681. Opinion filed October 5, 1931.)

*Hall & Purdy,* of Brookings, for Appellants.

*Cheever, Collins & Cheever,* of Brookings, and *L. O. Rue,* of Minneapolis, Minn., for Respondents.

RUDOLPH J. This is a proceeding to determine the rights of certain of the devisees of real property under the terms of a will. The only part of the will that is involved is paragraph 4. This paragraph reads as follows:

"I give, devise and bequeath all the real estate which I own or die siezed of, to the following named persons, and in the following proportions, to-wit: To Martha J. Alrick, the undivided two-

sixths thereof; to Louis J. Alrick, Bertha Alrick, Ida Alrick and Thea Alrick Paul, each an undivided one-sixth thereof.

"Each of the above named persons shall have, enjoy and control the share or portion of said real estate so given to him so long as he or she shall live, but the fee title to said real estate shall not pass to any of said persons unless they shall have issue, that is, in the event either of the five above named persons shall die without issue, then the devise given by this paragraph to such person shall upon his or her death go and the same is hereby devised absolutely and in fee to the Norwegian Lutheran Church of America to be used in the support and maintenance of Foreign Missions of said Church. It is however, my will that upon the birth of issue to either one of the five above named persons, that thereupon that person shall become the absolute owner of the title in fee to the share or portion given to such person by this will."

It is conceded that the defendant the Norwegian Lutheran Church is a legal entity capable of taking property real and personal by gift, devise, or purchase.

The county court by its decree of final distribution decreed that the first part of paragraph 4, as above set out, "constitutes a complete and absolute devise of all the real property of which the testatrix died seized or possessed to the devisees therein named in the proportions therein stated," and that the remaining portion of said paragraph is "null and void and contrary to the provisions of the statutes of this state prohibiting perpetuities and in violation of the statutes of this state concerning trusts, and that the same is indefinite and uncertain especially insofar as the beneficiaries of the perpetual trust thereby sought to be created are concerned; that the Norwegian Lutheran Church of America did not thereby acquire any interest in or to said real estate in remainder, in trust, or otherwise." From this decree the church appealed to the circuit court of Brookings county.

The circuit court made finding of fact and conclusion of law to the effect that the church is the owner in fee of the said real estate subject to the life estates of the five Alricks and subject to be divested of such title in fee by the birth of issue to either of said named parties, in which case the said life estate of the party having such issue should at once ripen into title in fee. Decree

was entered accordingly, and from such decree and from an order denying a new trial the Alricks appeal to this court.

Section 643, Revised Code of 1919 of South Dakota, provides as follows: "A will is to be construed according to the intention of the testator. Where his intention cannot have effect to its full extent, it must have effect as far as possible."

The first question that arises, then, is, What was the intention of the testator when the above-quoted paragraph of the will was executed? From a reading of this paragraph it seems apparent that the testatrix intended to give to those named in the first sentence of the paragraph a life estate which might be increased to a fee upon birth of issue. To the church, we believe, she intended to give the remainder in fee, subject to being divested upon the birth of issue to those named.

The appellants contend that the first sentence of paragraph 4 is an absolute devise, and that the portion of the paragraph following is void because of its repugnance to such absolute devise. With this contention we cannot agree. The cases cited by appellant are cases wherein the instrument under consideration in devising the property contained such words as "to be hers absolutely," "to his wife and her heirs forever," and involve provisions where the first taker is given the power of disposition and an attempt is made to bequeath or devise what may be left or undisposed of upon the death of the first taker.

In the first sentence of paragraph 4 there is no absolute devise nor anything inconsistent with the limitations provided in the next succeeding paragraph, wherein the estate devised is limited to a life estate, subject to be increased to a fee upon the happening of a certain contingency. That contingency is: "But the fee title to said real estate shall not pass to any of said persons unless they shall have issue." In the event any of the persons named die without issue, there is the provision that the share of that person is "hereby devised absolutely and in fee to the Norwegian Lutheran Church of America to be used in support and maintenance of Foreign Missions of said Church." It will be noted that, in the two clauses of the will last above quoted, it is specifically provided: First, that the fee title is not to go to the persons named "unless they shall have issue"; Second, there is the devise to the church "absolutely and in fee," subject only to the birth of issue to the

persons named. That the intention of the testator was to give to the Alricks a life estate with remainder in fee to the church, which remainder was subject to be divested by the birth of issue to the Alricks, and the fee thereupon to immediately vest in the one to whom such issue was born, we believe, is the proper conclusion to be reached from the wording of the will.

■ ■ The appellants next contend "that the remainder to the Church is a perpetual trust for the benefit of 'Foreign Missions' of said Church and is void." The respondent contends that the remainder to the church is an absolute gift in fee and not in trust. The resolution incorporating the church was introduced into evidence, and therein it is expressly provided that a part of the purposes and powers of the church is "to establish, maintain, and conduct home and foreign missions." The church is a corporate entity, one of the purposes of it being to maintain and conduct foreign missions.

"A gift to a corporation or organization to enable it to carry out some or all of the purposes for which it was formed does not create a trust." Page on Wills (2d Ed.) volume 2, § 1044. Doan v. Vestry of Parish of Ascension, 103 Md. 662, 64 A. 314, 7 L. R. A. (N. S.) 1119, 115 Am. St. Rep. 379; In re Little's Estate, 143 Minn. 298, 173 N. W. 659; In re Henrikson's Estate, 163 Minn. 176, 203 N. W. 778; Sherman v. Richmond Hose Co., 230 N. Y. 462, 130 N. E. 613; Danforth v. Oshkosh, 119 Wis. 262, 97 N. W. 258; Lane v. Eaton, 69 Minn. 141, 71 N. W. 1031, 38 L. R. A. 669, 65 Am. St. Rep. 559; Bird v. Merklee, 144 N. Y. 544, 39 N. E. 645, 27 L. R. A. 423; Starr v. Morningside College, 186 Iowa, 790, 173 N. W. 231; Clarke v. Sisters of Society, etc., 82 Neb. 91, 117 N. W. 107.

The rule above announced has had a general application. The reasons underlying the rule being that the purpose for which the property is left, being a part of the church and a department of the church itself that both the legal and the equitable title vest in the church, and this being true, the equitable title merges in the legal title. A person cannot be a trustee for himself.

■ In addition to the rule above announced and the authorities supporting the same, we believe that the words, "to be used in the support and maintenance of Foreign Missions of said Church," simply explain the testatrix' motive and purpose in making the said

gift to the church, and in this sense are precatory words only, and not sufficient in themselves to create a trust.

 The appellants further contend that there is a possibility under the terms of the will that the absolute power of alienation of the property may be suspended for a longer period than during the lives of the persons in being at the creation of the limitation or condition, contrary to sections 294 and 295, Revised Code of 1919, which are as follows:

"§ 294. Power of Alienation Suspended, How Long. The absolute power of alienation cannot be suspended by any limitation or condition whatever, for a longer period than during the continuance of the lives of persons in being at the creation of the limitation or condition, except in the single case mentioned in section 322 of this code relating to contingent fee remainder on a prior fee remainder.

"§ 295. When Future Interest Void. Every future interest is void in its creation, which, by any possibility, may suspend the absolute power of alienation for a longer period than is prescribed in this part. Such power of alienation is suspended when there are no persons in being by whom an absolute interest in possession can be conveyed."

Appellants contend that Louis J. Alrick, one of the devisees, may die leaving a posthumous child; that, if this should happen, there would be a period between the death of said Alrick and the birth of such child when there would be no one in being who could alienate the absolute title in fee.

Under the terms of the will, it must be noted, the issue of Louis J. Alrick or any other Alrick inherit nothing. There is no interest over to the child, if born. The birth of a child only affixes the time when the parent will take the fee. Obviously, then our statutes relating to inheritance by children conceived but not born or posthumous children have no application.

The condition of the title to the devised property is as follows: The Alricks have a life estate, the church has the remainder in fee, subject to be divested by birth of issue to any Alrick to the extent of the interest of that particular Alrick, upon the happening of which contingency fee title would vest, not in the issue, but in the parent. The possible issue of the Alricks not having any

interest of any kind in the property, there is nothing to prevent the church and all the Alricks from at any time joining in a deed and conveying the absolute fee title in possession to the property. Under the terms of the will, the church and the five Alricks together take the whole and complete title to the property. These are the only beneficiaries named in the will, and were all in being at the time of the creation of the interests which they were to take under the will, and all capable of conveying their interests. It follows that the power of alienation was not suspended for any period, whatsoever, after the death of the testatrix. The rule is announced in Chaplin on Suspension of the Power of Alienation (2d Ed.) § 39, as follows: "In other words in order to avoid a suspension of alienability, it is sufficient if there are persons in being who by combining the several estates, rights, interest, and possibilities that they represent or are authorized to speak for, can, if they all wish to, patch together an absolute fee." This rule has the general support of the decided cases: Williams v. Montgomery, 148 N. Y. 519, 43 N. E. 57; Graham v. Graham, 49 Misc. Rep. 4, 97 N. Y. S. 779; Epstein v. Werbelovsky, 193 App. Div. 428, 184 N. Y. S. 330, affirmed 233 N. Y. 525, 135 N. E. 902; Becker v. Chester, 115 Wis. 90, 108, 91 N. W. 87, 650; Buck v. Walker, 115 Minn. 239, 132 N. W. 205, Ann. Cas. 1912D, 882; Mineral Land Investment Co. v. Bishop Iron Co., 134 Minn. 412, 159 N. W. 966, L. R. A. 1917D, 900.

Since there are living persons who have unitedly the entire right of ownership, the statutes, sections 294 and 295, have no application. The judgment and order appealed from are affirmed.

POLLEY, P. J., and CAMPBELL, ROBERTS, and WARREN, JJ., concur.