Society of the Home for the Friendless v. State.

SOCIETY OF THE HOME FOR THE FRIENDLESS V. STATE OF NEBRASKA.

FILED APRIL 6, 1899.   No. 10590.

1. State Institutions: HOME FOR THE FRIENDLESS.   The institution established under the authority of the act of February 28, 1881, entitled "An act to establish a home for the friendless in the state of Nebraska, and to provide for the erection and location and government of the same," is a state institution.

2. ———: ———. By section 4 of said act the Society of the Home for the Friendless, an eleemosynary corporation, was given supervision of said institution; subject to the paramount authority of the board of public lands and buildings.

3. ———: ———: VESTED. RIGHTS. The supervision given to said society over the home for the friendless was a mere privilege, and not a vested, irrevocable right. It depended upon the statute and was entirely extinguished when section 4 was repealed.

4. ———: ———: TITLE TO PROPERTY. In establishing a home for the friendless under the authority of said act the board of public lands and builings could not lawfully purchase a building site and take the title thereto to the state in trust for the Society of the Home for the Friendless.

5. ———: ———: ———: TRUSTS. Real estate purchased by the board of public lands and buildings upon which to erect a home for the friendless was conveyed to "the state of Nebraska for the use and benefit of the home for the friendless." *Held,* That the clause, "for the use and benefit of the home for the friendless," was not designed to create a trust, but was merely descriptive of the use to which the property should be devoted by the state.

ERROR from the district court of Lancaster county. Tried below before HOLMES, J. *Affirmed.*

*J. H. Broady* and *H. A. Babcock,* for plaintiff in error.

*C. J. Smyth, Attorney General,* and *W. D. Oldham, Deputy Attorney General,* for the state.

SULLIVAN, J.

This was an action for the recovery of real property brought by the state against the Society of the Home for the Friendless. In obedience to a peremptory instruction the jury found in favor of the plaintiff and judgment was rendered on the verdict. The property in dispute is a small tract of land in the city of Lincoln upon which stands a dwelling-house used as a home for destitute and friendless women and children. It is conceded that the legal title to the premises is in the state, but the defendant insists that it is the equitable owner, and therefore rightfully in possession. The essential facts are not con-

troverted.   In 1876 the defendant came into existence as
a corporation with the avowed object of affording protec-
tion and employment, or assistance, to worthy and desti-
tute women and children until permanent homes and
means of subsistence could be provided for them.   By
resolution of its board of directors the society, soon after
its incorporation, adopted, for business purposes, the
name "Home for the Friendless," and by this designation
it has been generally known.   Originally it was without
a habitation.   It received no assistance from the state,
and in the prosecution of its benevolent work depended
for its resources upon private charity.   In 1881, however,
there was, at the instance of the society, initiated a meas-
ure of legislation which resulted in the adoption of the
following statute:

"Section 1. That a home for the friendless shall be es-
tablished in the state of Nebraska.

"Sec. 2. The location of said home shall be under the
supervision of the board of public lands and buildings,
and shall be located at the city or town which shall, after
duly advertising for bids for its location, donate the larg-
est amount to said home.

"Sec. 3. The sum of five thousand dollars, or so much
thereof as may be necessary, is hereby appropriated out
of the general fund of the treasury for the erection of said
home.

"Sec. 4. The government of said home shall be by and
under the supervision of the Society of the Home for the
Friendless; *Provided*, That nothing herein contained shall
be so construed as to prevent the board of public lands
and buildings from establishing rules and regulations for
the government of such home in any manner."

Proceeding under the authority of section 2 of this act
the board of public lands and buildings advertised for
bids.   The people of Lincoln offered the largest donation
and the home was accordingly located in this city.   The
board then purchased the land, and constructed thereon
the buildings now occupied by the defendant.   The deed
33

by which the state acquired title recites that the property is conveyed to "the state of Nebraska for the use and benefit of the home for the friendless in the state of Nebraska." As soon as the buildings were completed the society took possession of the premises and has ever since occupied the same.. In its new quarters it has carried on the work for which it was incorporated. It has been the almoner of much private bounty and, since 1883, has expended more than a quarter of a million dollars appropriated by the legislature for the benefit of the "Home for the Friendless." In 1897 section 4 of the act of 1881 was repealed and the management of the home, under the supervision of the board of public lands and buildings, was committed by the statute to officers and employés of the state to be appointed by the governor.

If we rightly understand the position of counsel for the defendant it is that the act of 1881 was intended to recognize and confirm the existence of the defendant as an eleemosynary institution and to provide for it a suitable abiding place, and that, in execution of this purpose, the legal title to the property in dispute was conveyed to the state to hold in trust for the society. The argument is ingenious but not sound. In the first section of the act the legislature spoke with reference to the future. It did not assume to create an institution at once by legislative fiat. The first section declared that a home for the friendless should be established. The second section provided how and when and where it should be established. The third section provided the means for bringing the home into existence, and the fourth made provision for its government. The home contemplated by the legislature was a physical home—a place where the unfortunates of society, the jetsam and flotsam of life's restless sea, might find a temporary refuge, clothing and food, and shelter and rest. This is demonstrated by the language of section 4, which provided that the government of "said home"—that is, the home mentioned in the preceding sections—should be under the supervision of·

the Society of the Home for the Friendless. Surely the legislature did not commit the folly of saying that the defendant by its business name should be under the supervision of the defendant by its corporate name. The deed to the state must be construed in the light of the statute authorizing the purchase of the property therein described. The board of public lands and buildings possessed no power to buy land and construct buildings for the defendant. An attempt to do so would be a misappropriation of public funds. We are not warranted in holding that the language quoted from the deed was intended to create a trust, but if that were the intention, the trust would be void. The property having been bought with the state's money, the state, both in law and in equity, would be the owner. We think, however, that the purpose of the language was to describe the use to which the property should be devoted and not to create a trust. The judgment is clearly right and is

AFFIRMED.

HARRISON, C. J., not sitting.