THOMAS CLARKE ET AL., APPELLANTS, V. SISTERS OF SOCIETY OF THE HOLY CHILD JESUS ET AL., APPELLEES.

FILED JUNE 26, 1908. No. 15,635.

1. **Trusts:** CONVEYANCE: CONSTRUCTION. It is a general rule that, where property is conveyed directly to a corporation to hold for use in the purpose for which the corporation was created, no trust for the benefit of others arises, even though the conveyance

contains a condition directing the use of the property in a certain manner from which third parties may be benefited. One cannot be a trustee of property and a beneficiary at the same time.

2. **Deeds: CONSTRUCTION: REVERSION.** F. conveyed certain real property to one of the defendants, a religious society incorporated for the purpose of establishing and conducting a convent school. The deed contained a condition "that the grantee herein hereby agrees to teach the parochial school children (whose parents are known to be unable to pay) free of charge." There was a further condition that in case of failure to teach the children above referred to free of charge, or to use the property for convent school purposes, or in case the property should be diverted to any other use, then the property should revert to and be the property of the grantor, if living, and, if dead, to his heirs. *Held*, That said conveyance did not create a trust for the benefit of third parties, but was a gift of the property to the corporation for use in the purposes for which it was created upon conditions subsequent, and that upon the abandonment of the property by the grantee it reverted to the heirs of F.; he having died in the meantime.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Affirmed.*

*Morning & Ledwith,* for appellants.

*T. J. Doyle* and *G. L. De Lacy, contra.*

DUFFIE, C.

This case was submitted to the district court on an agreed statement of facts. Judgment went in favor of the defendants, and the plaintiffs have taken an appeal to this court.

The facts appearing from the stipulation are as follows: November 29, 1884, John Fitzgerald conveyed to the Sisters of the Society of the Holy Child Jesus, a Nebraska corporation, a block of land located at Fourteenth and U streets, in the city of Lincoln. The granting part of the deed is in the following language: "Know all men by these presents, that John Fitzgerald and Mary Fitzgerald, his wife, of the county of Lancaster, and state

of Nebraska, for and in consideration of the establishment and maintenance of a convent school on the property herein, do hereby grant, bargain, sell, convey and confirm unto the Sisters of the Society of the Holy Child Jesus, of the county of Lancaster, and state of Nebraska, the following described real estate situated in Lincoln, in Lancaster county, and state of Nebraska, to wit." Here follows a description of the land conveyed. The deed contains the following condition: "One of the conditions upon which this property is conveyed is that the grantee herein hereby agrees to teach the parochial school children (whose parents are known to be unable to pay) free of charge, and if the grantee herein should fail to use the said property for convent school purposes, or refuse to teach the parochial school children as agreed above, or shall divert said property to any other use, then the said property herein conveyed shall revert to and be the property of the grantor, if living, and, if dead, to his heirs." The grantee established a convent school upon the premises and maintained the same until June, 1907. In October, 1907, the grantee abandoned the property and declined to maintain a school upon the same in the future. The grantor, John Fitzgerald, departed this life intestate in 1894. The defendants, other than the grantee named in said deed, are heirs of the deceased, and they reentered the property soon after the same was abandoned by the grantee. November 8, 1907, the grantee conveyed the premises to the heirs of John Fitzgerald, deceased; said deed reciting the permanent abandonment of the property. After the establishment of the convent school on the property in dispute, another society, the Sisters of Charity, established a parochial school at Thirteenth and M streets, in the city of Lincoln, known as "St. Theresa's Parochial School." The establishment of the last named school removed the necessity for the education of the poor in the convent school free of charge; such children being taken care of by St. Theresa's Parochial School. Under these circumstances, Fitzgerald and his grantee entered

into a contract in June, 1888, modifying the terms of the deed by which the premises were conveyed to the Sisters of the Society of the Holy Child Jesus. By this last contract the clause in the deed, by which the grantee agreed to teach the parochial children whose parents were known to be unable to pay free of charge, was changed so that it was relieved of that duty; the contract reciting the following: "The grantee herein and hereby agrees to teach the parochial school children whose parents are unable to pay in St. Theresa's Parochial School upon the usual terms." The contract provided for a further modification of the deed as follows: "If the property described in said deed shall ever, in the judgment of the grantors or grantees, become inadequate or unsuited for the purposes for which the said property is deeded, then the grantees shall have power and authority to sell, pass title and execute deeds of conveyance thereto, upon condition, however, that the proceeds arising from said sale shall be reinvested in other property, which shall be used for the purposes known in said deed of conveyance. The said deed as thus modified shall be and remain in full force as though these changes had never been made." On the abandonment of the property by the Sisters, and after reentry by the heirs of John Fitzgerald, the heirs instituted partition proceedings, which resulted in a judgment of partition and an order for the sale of the property. On the day of the sale, on January, 1908, the plaintiffs instituted this action for themselves, and others similiarly situated, insisting that the conveyance by Fitzgerald and the conditions contained in the deed providing for the teaching of poor catholic children without charge was a conveyance in trust for the perpetual benefit of all parents of the catholic faith having children of school age.

The petition alleges that plaintiffs belong to the class specified in the deed, and they pray a cancelation of the reconveyance by the grantee to the heirs of John Fitzgerald; that the sale be enjoined and a trustee appointed for the purpose, and with power under the direction and

supervision of the court to arrange for the permanent re-opening and establishment of said convent school, and for , the education or free instruction of the poor children of the city of Lincoln in harmony with the terms and conditions of the trust.

On the part of the plaintiffs, it is claimed: First, that the deed from Fitzgerald, together with the modifications thereafter made in its terms, created a charitable trust; second, that any person having children eligible to attend the schools is a beneficiary of the trust who may maintain an action for its enforcement; third, that the last-executed instrument, spoken of as the modification, giving the grantee in the deed power to sell and convey, destroyed the provision in the original deed providing for a reversion; and, finally, that a charitable trust will not be permitted to fail for want of a trustee, nor because of the failure or refusal of the trustee to carry out the object of the trust.

If we concede the first proposition, that the conveyance made by Fitzgerald created a charitable trust, the other contentions of the plaintiffs may be conceded. The material question for our consideration, therefore, arises upon the construction to be given the conditions in the deed. It will be borne in mind that the conveyance was made to a corporation. The general purposes of the corporation, as set forth in the second paragraph of its charter, were "To promote education among all classes of females, and to acquire by purchase, gift, grant or devise, and hold, use and convey any real estate or personal property whatever, and lease or mortgage the same, or use the same in any manner considered by the corporation most conducive to its interest and property." The general rule appears to be that, where property is conveyed directly to a corporation to hold for purposes for which the corporation was created, no trust for the benefit of others arises. There are no apt words in the deed to create a trust, or making the grantee a trustee of the property. On the contrary, it is evident that the grantor intended to vest the legal title absolutely in the corporation for use in its cor-

porate business, subject to the conditions named. The recited consideration of the deed is: "The establishment and maintenance of a convent school on the property herein." The purpose of the corporation was to conduct an educational institution, and, as a condition of the gift, the donor required that the parochial school children should be taught free of' charge, in case the parents were unable to pay. In order to secure the performance of this condition and the use of the property for school purposes, the grantor provided that the title should revert to him or his heirs on condition broken. There was no attempt to make the grantee a trustee of this property for the benefit of other parties. The property was to be used in the business of the corporation for its own purpose and for its own benefit.

The same question was before the supreme court of Maryland, in *Bennett v. Baltimore Humane Impartial Society,* 91 Md. 10, 45 Atl. 888. In that case one Turbutt devised to the society certain of his estate, conditioned that the trustees or managers should admit one aged man or woman each and every year during its continuance for every $400 of the income derived from the property, and that such aged person should not be required to pay any fee for admission or outfit. The regular admission fee ranged from $200 to $700, according to age and residence. The thorough consideration given the case by the court is epitomized in the syllabus as follows: "A charitable corporation was named as devisee and legatee in a will, providing that it admit one aged man or woman each year for each $400 of income derived from the property bequeathed, and that the person shall be admitted without cost, and shall through life have maintained a good character, and shall not have been reduced to penury through immoral conduct. *Held,* That the will did not create a trust in favor of indefinite beneficiaries, but the whole beneficial interest in the property vested in the corporation, for corporate purposes on a condition subsequent, which did not prevent the vesting of the estate." In

*Woman's Foreign Missionary Society v. Mitchell*, 93 Md.
199, 53 L. R. A. 711, a Mrs. Sherman bequeathed to the
society certain property in trust to educate six girls in
India, and to purchase a building to be used for the educa-
tion of girls therein. While the will in terms declared a
trust, the court held that, as the legacy left to the society
was to be used for the purpose and in the very business in
which the society was engaged, no trust was created, and
the society took absolute title for the prosecution of its
work upon the condition annexed to the gift. In *Erwin v.
Hurd*, 13 Abb. N. C. (N. Y.) 91, land was conveyed to a
religious society upon conditions subsequent to use only
for the purpose of public worship. The grantor brought
an action to restrain the alienation of the property by the
church society. The court at special term refused to in-
terfere by injunction, holding that the plaintiff's remedy
was at law by reentry or ejectment for conditions broken;
but, in deciding the case, it was said: "I do not think
that the deed from plaintiff to the trustees of the church
created any trust. The purposes specified in the deed were
those for which the society was authorized to take title to
lands, and the grant was directly to the corporation to
hold for those purposes, which were largely for its own
benefit. Hence, it was at the same time trustee and
*cestui que trust,* if the deed created a trust." *Bird v.
Merklee*, 144 N. Y. 544, 27 L. R. A. 423, is also a case in
point. The action was to construe item 20 in the will of
George F. Merklee, deceased, which read as follows:
"Item 20.—If after all the legacies are paid in full there
should be anything left of my estate, the same shall be
divided and paid to the Methodist Episcopal churches, in
the ninth ward of the city of New York, according to the
number of members, to buy coal for the poor of said
churches." The general term held that a trust was created
by the terms of the will, which was void under the hold-
ings in New York on account of the beneficiaries being
unascertained and indefinite. In reversing the judgment
of the general term, the court said: "We are unable to

agree with the learned general term, and are of opinion that the testator contemplated no trust, but made a valid bequest to the churches." In support of this view, the language of Church, C. J., in *Wetmore v. Parker*, 52 N. Y. 450, was quoted as follows: "It does not create a trust in any such sense, as that term is applied to property. The corporation uses the property, in accordance with the law of its creation, for its own purposes; and the dictation of the manner of its use, within the law, by the donor, does not affect its ownership or make it a trustee. A person may transform himself into a trustee for another, but he cannot be a trustee for himself."

Fitzgerald desired to aid the society in the establishment of a school, and for that purpose he conveyed to it the tract in question. Conveyance was made directly to the society without any reservation or provision, except that it should be used in the work in which the grantee was engaged. There was a condition attached that poor children should be educated without the usual charge made by the society for tuition; in other words, he required, in order that the society might retain title to the property that certain of the scholars attending the school should not be charged for tuition; but no trust in the property was sought to be created for the benefit of this class of children. The property was to be owned absolutely by the society and used for promoting the very purpose for which it was organized. We are unable to see any legal principle upon which a charitable trust in this property can be established, and, if no trust was created by the deed of conveyance, the plaintiffs in this action have no interest to protect, and no interest which qualifies them to maintain the action.

We recommend an affirmance of the judgment of the district court.

EPPERSON and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.