Susan Case v. Edith L. Haggarty et al., Impleaded
with Zetta Pechota et al., Appellees; Shirley
E. Davis, Appellant.

Filed September 28, 1912.  No. 16,761.

Wills: Construction: Mortgage of Land Devised: Validity. A will
devised the use of certain real estate to the widow of the testator
during her life, and provided that at her death the land should
descend to his three children, naming them, share and share
alike, but that, should either of said children die before the death
of the widow, the portion that would have gone to such deceased
child should descend to her children, share and share alike. Upon
the death of the testator the will was admitted to probate. One
of the children executed a mortgage on her undivided interest in
said property, and thereafter died during the lifetime of the
widow, leaving surviving children. *Held*, That as against the
heirs of the mortgagor the mortgage created no lien upon the un-
divided one-third of said land, and was not subject to foreclosure.

Appeal from the district court for Saline county:
Leslie G. Hurd, Judge. *Affirmed.*

*J. H. Grimm & Son,* for appellant.

*Bartos & Bartos,* contra.

Reese, C. J.

This is an action in partition. The owners of the legal
title appear to have all been made parties, as well as cer-
tain mortgagees. There are two mortgagees, one holding
a mortgage on the whole of the land, executed by the an-
cestor in his lifetime, and over which there is no conten-
tion; the other, executed to defendant Shirley E. Davis
by one of the three heirs in her lifetime upon the undi-
vided one-third of the land. She died before coming into
possession of the estate, and the validity of the mortgage
is contested by her children and heirs. The owner of this
mortgage answered setting up his mortgage. A referee
was appointed to partition the land. He reported that par-
tition could not be made without loss, when the court

directed him to sell the property, which he did, and re-
ported accordingly. The sale was confirmed, and the
court found due defendant Davis the sum of $522.75, de-
clared it a lien on the one-third interest of Rose Kline,
deceased, the mortgagor, and ordered so much of the pro-
ceeds of the sale of the one-third interest paid to the
mortgagee. The defendants Zetta Pechota and Burton
H. Kline, the children and heirs of Rose Kline, applied
for a modification of that part of the decree which pro-
vided for the payment of the Davis mortgage, insisting
that it was not a lien upon their one-third interest. They
set up a will which had been executed by their grand-
father, Henry F. Hill, the father of their mother, Rose
Kline, and, upon construing the provisions of the will,
the court held that the mortgagor, Rose Kline, having
died during the lifetime of the widow, her mortgage
created no lien as against her heirs. The decree was
modified accordingly. Davis appeals.

Divesting the case of all technical questions as to the
procedure, the case must turn upon a construction of the
will of Henry F. Hill, the father of the mortgagor, and the
grandfather of her two children, who are resisting the
foreclosure of the mortgage. There is no question pre-
sented as to the *bona fides* of the mortgage, or any claim
that it was not given to secure a just debt. The provisions
of the will must be considered. The second, third and
fourth clauses, or paragraphs, are as follows:

"2nd. I give and bequeath to my beloved wife Hannah
C. Hill, in lieu of homestead and dower, the use during
her natural life, of the southwest quarter of section 17,
of town(ship) 6 north, of range 4 east, Saline county,
Nebraska, provided that she shall keep the taxes paid
thereon and the interest on the incumbrance that may be
thereon at my death. The intention being that this be-
quest shall release all my other real estate of which I may
die seized or possessed of all claims of dower or other
interest by my said wife, and that at her death said prop-
erty shall descend to my heirs share and share alike, that

is to say, to my now living children, viz., Susan Case.
Beatrice Davidson and Rose Kline shall each be entitled
to a one-third interest in said property, but should either
of my said daughters die before my said wife then the por-
tion that would have gone to her shall descend to her
children share and share alike and should either of my
said daughters die without issue then it is my desire that
the portion that would have gone to her shall go to the
surviving sisters, or their heirs.

"3rd. I direct that my three daughters above named
shall have the east half of the northwest quarter of sec-
tion 20, in township 6 north, of range 4 east, Saline county,
Nebraska, that is to say, the mortgage if any that may be
on said premises at my death, shall be first paid from the
proceeds of the sale of said premises and the remainder
from the sale of said premises shall be divided among my
said daughters, share and share alike.

"4th. It is my desire that all the rest and residue of
my estate of whatever kind or nature, shall be divided
equally among my said daughters or their heirs. It being
my intention to bestow upon them equally all of my estate
whatsoever, real or personal, as soon as practicable after
my death, except the use of said southwest quarter of sec-
tion 17, of town(ship) 6, range 4 east, Saline county,
Nebraska, which my beloved wife Hannah C. Hill shall
have during her natural life in lieu of homestead, dower
or other interest or claim in my said estate as aforesaid."

The will was executed on the 6th day of October, 1899,
and the testator died on the 12th day of March, 1902.
The will was admitted to probate. The mortgage was ex-
ecuted by Rose Kline and her husband on the 6th day of
October, 1906, and she died on the 18th day of October,
1908, leaving no will. Hannah C. Hill, the widow of
Henry F. Hill, died intestate on the 2d day of January,
1909. It is insisted that, since Hannah C. Hill outlived
the daughter and mortgagor, Rose Kline, she, the said
Rose Kline, had no such interest in the devised premises
as to enable her to create a lien on her undivided interest

as against her heirs, and therefore the mortgage is void as to them; while, upon the other hand, it is contended that she held the fee title subject to the "use" during the lifetime of the mother. If the former, the mortgage created no lien. If the latter, it did, and is subject to foreclosure.

It will be observed that by the second paragraph of the will the use of the property is devised to the surviving widow during her life, upon certain conditions. This conferred a life estate upon the widow, but subject to the conditions named in the proviso. Did it confer more? It is one of the canons of construction that in construing a will the court must resort to the whole thereof and from all its provisions seek to ascertain the intention of the testator and give it effect. In so far as the rights of the widow were concerned, we find no provision which can be construed as vesting the title to the property in her, except to the extent of giving her the use of the land during her life, which implies a life estate. It is provided that at her death the property in dispute shall "descend" to the heirs named, Rose Kline being one, share and share alike. The meaning of the word "descend" does not always refer to the vesting of title. It may refer to the enjoyment of the estate. "The word 'descend,' in a will devising testator's property to certain persons, but, if he left no child or children, then directing that the property was to descend to others, was construed to have been used in the sense of the words 'go to.'" 3 Words and Phrases, 2012-2014, and cases there cited. In the sense in which the word is used in the will, this is perhaps the definition to be here applied. Paraphrasing the language of the will to this extent, it reads that at the death of the wife the land "shall go to my heirs share and share alike, that is to say, to my now living children, viz., Susan Case, Beatrice Davidson and Rose Kline shall each be entitled to a one-third interest in said property, but should either of my said daughters die before my said wife, then the portion that would have gone to her shall go to her children share

and share alike and should either of my said daughters die without issue then it is my desire that the portion that would have gone to her shall go to the surviving sisters, or their heirs." By the language used, it seems clear that it was the intention of the testator that the fee title should vest in the three living children, only upon the condition that they should outlive their mother, and, in case of their not doing so, the title should go to their children by force of the will; that whatever interest the daughter would have should terminate at her death, if that event occurred before the death of the widow, and upon such death the interest she would have had should go to her children. If this is the proper construction, not only the interest of Rose Kline but that of her mortgagee was terminated by her decease.

The decree of the district court is

AFFIRMED.