LENA SEYBERT V. CAMDEN M. SEYBERT ET AL.: BEULAH SPRIECK, APPELLANT: WALTER J. FECHNER, APPELLEE.

FILED MARCH 16, 1929. No. 26493.

*Henry J. Beal* and *Daniel J. Gross,* for appellant.

*Zacek & Nicholson* and *A. E. Wenke, contra.*

Heard before ROSE, GOOD, EBERLY and DAY, JJ., and REDICK and SHEPHERD, District Judges.

SHEPHERD, District Judge.

On the 20th day of August, 1898, Frederick Sprieck died in Stanton county, leaving considerable real and personal property and a will directing the distribution of the same.

The significant and controverted part of said will is as follows:

"I give and bequeath all the rest and residue of my estate that remains after paying the above bequests to Paul Bolz, August Bolz, Edward Sprieck, Lena Sprieck, Pauline Sprieck and Alma Sprieck, to share and share alike, as tenants in common, to be paid to them as they respectively become of age. In case any one of them shall die in my lifetime, or in the lifetime of my beloved wife, leaving issue or descendents, I direct that his or her share shall not lapse, but shall be paid to such descendants, in equal proportion."

By this paragraph (paragraph 12 of the will) the testator gave his widow a life estate and definitely disposed of the remainder to his nephews and nieces named in said paragraph, and to their children.

The widow, Augusta Sprieck, died on the 8th day of February, 1927. Meanwhile, Edward Sprieck, one of the beneficiaries mentioned in said paragraph, had married, had had a daughter born to him, had seen her grow to the age of sixteen years, and had himself died on the 9th of October, 1921, leaving him surviving his widow, Olga, and his said daughter, Beulah Sprieck. Following the death of said Edward Sprieck his widow, Olga, married again and became Olga Deleski. Edward's estate was probated in Madison county. It did not satisfy his creditors in full, and after the death of Augusta Sprieck the defendant Fechner, administrator *de bonis non* of the estate of Edward Sprieck deceased, was duly appointed.

The question as to the devisee or devisees arose in partition brought by Lena Seybert, formerly Lena Sprieck, a niece mentioned in the described paragraph.

By the decision of the district court Olga Deleski and Beulah Sprieck took undivided halves of Edward Sprieck's portion, subject to Edward's debts. And the order was that Edward's portion should be paid to Fechner, the administrator *de bonis non* of his estate.

This is a case, however, in which Edward Sprieck re-

ceived a vested interest defeasible by a condition subsequent, and in which that condition subsequent occurred, resulting in the passing of the portion which Edward would otherwise have received to his daughter, Beulah, as a substituted devisee. Beulah does not take as the heir of her father, Edward, but as the devisee of her granduncle, Frederick Sprieck; and she takes from him because he specifically named her as such devisee by the title of issue or descendent.

It seems clear that it was the intention of Frederick Sprieck that Edward should have an undivided one-sixth of the remainder of his estate if he was living at the time of the demise of his mother, Augusta Sprieck (widow of the testator), but that in the event of his death before the death of the testator's widow his portion should go to and become the property of his child or children. It is argued by the appellee that the words, "in case any one of them shall die in my lifetime, or in the lifetime of my beloved wife, leaving issue or descendants, I direct that his or her share shall not lapse, but shall be paid to such descendants in equal proportion," in said paragraph 12 of the will add nothing to the rest of the paragraph and take away nothing, and that they should not be considered at all. The rule of law is that all of the provisions of a will should be given some force and effect with a view of ascertaining and making effectual the intent of the testator. *Schnitter v. McManaman,* 85 Neb. 337; *In re Estate of Buerstetta,* 83 Neb. 287; *Marsh v. Marsh,* 92 Neb. 189.

It must be considered that the testator in this case knew the law and had some reason for using the words in question. It is quite obvious that he intended that the issue of Edward should have his bounty without subjecting the latter to the payment of Edward's debts. Otherwise, the language would not have been used.

Where the intent of the testator is clear from the terms of his will, courts will unhesitatingly give full force and effect to such intent. This is so well settled in Nebraska as to require no citation of authority. The plain and or-

dinary meaning of issue or descendants is issue of the body or lineal descendants. Anderson's Dictionary of Law, 570. The property therefore goes to Edward's child, Beulah Sprieck.

The case of *Wilkins v. Rowan*, 107 Neb. 180, is very much in point as an authority in this case. In that case the language of the court, in syllabus No. 3, was to the effect that the vested interest was defeasible, and not absolute, and that upon the death of the father his three minor children took his interest, not as heirs at law, but as descendants and substituted devisees. A similar holding of the court is to be found in *Case v. Haggarty*, 91 Neb. 746. The principle involved is not only adopted in this state, but is of general recognition throughout the United States.

In view of the foregoing, it is obvious that the decree of the trial court must be reversed, and that an order must issue from this court directing a decree in conformity to this opinion. It is so ordered.

REVERSED.