IN RE ESTATE OF RILEY S. HART.
LOUISA C. HART, APPELLANT, V. HARRY S. WHITE, EXECUTOR, APPELLEE.
291 N. W. 502

FILED APRIL 5, 1940. No. 30780.

*James A. Brown* and *William O. Brown,* for appellant.

*Chatt & Ellenberger, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

CARTER, J.

This is a suit brought by Louisa C. Hart, the widow of the testator, Riley S. Hart, to obtain a construction of the will of the said Riley S. Hart. The contest is between the executor of the estate and the widow of the deceased.

The difficulty arises out of the provisions of the sixth and seventh paragraphs of the will, the pertinent parts of which are as follows:

"Sixth:—All the rest, residue and remainder of my property, real, personal and mixed, I give to my said Executor hereinafter named to be held, by him in trust and to be disposed of in the following manner, to-wit:

"(1) My said Executor shall first pay all taxes thereon and keep the real estate in a good state of cultivation and the improvements thereon in as good a state of repair as the same may be at the time of my death, and shall then turn all the remaining income from said real estate, and all interest upon my personal estate to my said wife, Louie Hart, during the period of her natural life, I further direct my Executor not to lease any of the real estate of which I may die seized and possessed for a longer period of time than three years at any one time."

"Seventh:—Subject to the life estate hereinbefore given my said wife, I give, devise, and bequeath the following described real estate, to-wit: Northwest Quarter of Section 12, Township 23, North, Range 8, and also 17 acres of land in said Township and Range, lying and being along the west side of the Northwest Quarter of Section 12, and adjoining it, and being a part of the Northeast Quarter of Section 11, in said Township and Range, and being 177 acres, more or less, of land in Burt County, Nebraska, to Milton Metcalf, son of my deceased niece, Etta Metcalf, to be his absolute property, subject only to said Life Estate."

The only question to be decided is whether the widow

has a legal life estate in the real estate described in the seventh paragraph of the will, or whether said real estate is a part of the trust estate conveyed to the executor in the sixth paragraph of the will.

In the construction of a will conveying real estate, or an interest therein, courts are required to carry into effect the true intent of the testator as determined from the whole instrument. *In re Estate of Zimmermann*, 122 Neb. 812, 241 N. W. 553; *Krause v. Krause*, 113 Neb. 22, 201 N. W. 670. This court has plainly said that the intention of the testator as gleaned from the four corners of the will, unvexed by legal technicalities, will govern. *Albin v. Parmele*, 70 Neb. 740, 98 N. W. 29; *Seybert v. Seybert*, 118 Neb. 246, 224 N. W. 1. Where there are two provisions in a will relating to the disposition of the same property, the relative position of the provisions in the will is not important where the intention of the testator can be ascertained by construing the provisions together. *Grant v. Hover*, 103 Neb. 730, 174 N. W. 317. In construing a will, the court will presume that a testator intended the will to be a consistent whole and, if it can reasonably be done, the court will harmonize ambiguous expressions with the plain provisions of the will to effectuate the testator's intent. *In re Estate of Buerstetta*, 83 Neb. 287, 119 N. W. 469; *Marsh v. Marsh*, 92 Neb. 189, 137 N. W. 1122. It is by the application of these rules of construction to the whole will that we arrive at the true intent of the testator.

It will be noted that the sixth paragraph of the will gives all the residue of the estate to the executor to be actively managed by him, the net income from the residue, both real and personal, to be paid over to the widow during the period of her natural life. The seventh paragraph opens with the phrase "subject to the life estate hereinbefore given my said wife," clearly indicating that the testator himself thought he had already conveyed a life estate to the widow in the sixth paragraph of the will. Clearly, if the testator intended to and did convey an interest in the property under paragraph six of the will, the court will not by

construction create an ambiguity in the will by placing a construction on paragraph seven which is repugnant to the plain intention of the testator as set forth in paragraph six. We are of the opinion that paragraph seven creates no estate in the widow, Louisa C. Hart. The interest of the widow in the property described in paragraph seven is conveyed by paragraph six of the will, and the remainder interest only is devised by paragraph seven. Since paragraph seven conveys no new estate to the widow, the trial court properly decided that the only interest of the widow in the real estate described in paragraph seven was the interest she obtained under paragraph six of the will.

For the foregoing reasons, the judgment of the district court is affirmed.

AFFIRMED.