CORDELIA E. INGRAHAM, APPELLANT, V. STELLA INGRAHAM ET AL., APPELLEES.

16 N. W. 2d 445

FILED NOVEMBER 16, 1944. No. 31801.

*Ross G. Moore,* for appellant.

*Evans & Lee* and *Miles N. Lee,* guardian *ad litem, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

YEAGER, J.

This is an action instituted in the district court for Custer county, Nebraska, by Cordelia E. Ingraham, plaintiff, appellant here, against Stella Ingraham and others, defendants, appellees here, to have the last will and testament of Alonzo F. Ingraham, deceased, construed and to quiet title in plaintiff to certain real estate.

At the conclusion of the trial the district court construed the will contrary to the contention of plaintiff and decreed that the defendants had a fee simple title by inheritance to an undivided one-half interest in the real estate involved. It is from this decree that the plaintiff has appealed.

The facts necessary to be set forth for a determination

of the issues presented are the following: Alonzo F. Ingraham on the 11th day of August, 1932, in due form, executed his last will and testament. The following are the parts of the will pertinent here:

"Fifth: I give devise and bequeath a life use in the remainder of my real estate to my beloved wife, Susan M. Ingraham. I own real estate in Custer County, Nebr. and in Virginia and my beloved wife, Susan M. Ingraham is to collect and receive all rents and royalties from same. From these receipts she is to pay all taxes and insurance on all properties.

"At her death all the real estate included in Item Five is to be divided share and share alike between my beloved daughter, Cordelia E. Ingraham and my beloved son, Fred A. Ingraham. Should either of my children pass away before my beloved wife, Susan M. Ingraham then all of the real estate included in Item Five would go to the remaining heir."

At the time of the making of the will he had only three heirs at law, namely, Susan M. Ingraham, wife, Cordelia E. Ingraham, daughter, and Fred A. Ingraham, son. This testator died March 19, 1933. At that time all three of the named heirs were living. On January 19, 1938, Fred A. Ingraham died leaving Stella Ingraham, widow, and seven children, as his heirs at law, all of whom are defendants and appellees herein. Thereafter on July 1, 1939, Susan M. Ingraham, widow of Alonzo F. Ingraham, died. Cordelia E. Ingraham was still living.

Cordelia E. Ingraham claimed in her petition and contends here that by the terms of the quoted portion of the will she is entitled to all of the real estate therein referred to and should have title thereto quieted by decree of court. Appellees contend, and the trial court decreed, that the following from the quoted portion of the will was of no force and had no legal effect whatsoever: "Should either of my children pass away before my beloved wife, Susan M. Ingraham then all of the real estate included in Item Five would go to the remaining heir." The court further decreed

that Cordelia E. Ingraham and Fred A. Ingraham each acquired a fee simple title to one-half of the real estate involved.

There is but one issue for determination in this case and that is, what did the testator intend by the second paragraph of the quoted portion. Specifically, we are required to ascertain the meaning of the words "would" and "remaining heir" in the last sentence thereof.

In the ascertainment of the intent of a testator in the making of a will, courts are to be guided by the following rule: "In the construction of a will, the court is required to give effect to the true intent of the testator so far as it can be collected from the whole instrument, if such intent is consistent with the rules of law." *Martens v. Sachs*, 138 Neb. 678, 294 N. W. 426; *In re Estate of Pfost*, 139 Neb. 784, 298 N. W. 739. See, also, *Salmons v. Salmons*, 142 Neb. 66, 74, 5 N. W. 2d 123, 8 N. W. 2d 517; *Hulse v. Tanner*, 142 Neb. 406, 6 N. W. 2d 618.

With this rule in mind we find no difficulty in arriving at the evident meaning of the words "remaining heir." Obviously at the time of making his will the testator knew his heirs and made it with a conscious knowledge that he had but three. He contemplated a situation wherein one child, an heir, might die before the widow. If such a situation arose then with the widow's passing there would be but one heir remaining.

For at least one other reason it seems clear that he did not lack intent of specific disposition. He used the term "heir" in its singular sense, meaning of course that the real estate should pass to one person.

With regard to the word "would" we are of the opinion, and accordingly hold, that in its use the testator intended that it should carry the force of the word "shall" if used at the same point in the context. The use of the word in any other sense would require us to say that the sentence involved no intent or purpose on the part of the testator; that all that it amounted to was a mistaken notion of the manner and method of descent and distribution in case of intestacy.

Clearly it was the intention of the testator that these portions of his will should be effective and should be given effect as directions in the disposition of his estate and that in case one child should die before the death of the widow the real estate in question should descend to the other.

To permit the real estate to thus pass is not violative of any rule of law. In fact the decisions sustain this character of disposition. Assuming that the will created a vested interest in Fred A. Ingraham, objection is not available that the will makes it defeasible. The creation by will of a vested interest in real estate defeasible upon the occurrence of an expressed contingency is not legally objectionable and is valid and enforceable. *Case v. Haggarty,* 91 Neb. 746, 137 N. W. 979; *Wilkins v. Rowan,* 107 Neb. 180, 185 N. W. 437; *Seybert v. Seybert,* 118 Neb. 246, 224 N. W. 1.

The decree of the district court is reversed and remanded with directions to enter a decree in the light of the opinion and in conformity with the prayer of plaintiff's petition. This contemplates, however, that the direction to decree quieting title shall extend only to real estate subject to the jurisdiction of the court.

REVERSED, WITH DIRECTIONS.