CITY OF GERING, A MUNICIPAL CORPORATION, APPELLANT, V.
H. O. JONES ET AL., APPELLEES.

122 N. W. 2d 503

Filed July 12, 1963.　No. 35482.

Willard F. McGriff and Neighbors, Danielson & Van Steenberg, for appellant.

Wright, Simmons & Hancock, for appellee Jones.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

WHITE, C. J.

This is an action to construe a deed from Julia Huffman to the City of Gering, Nebraska, under the provisions of section 25-21,150, R. R. S. 1943.

The sole question involved is whether or not the City of Gering, Nebraska, has the power to sell and convey a fee simple title absolute to certain lots which had theretofore been conveyed to the city, "for the use and benefit of the Citizens of the said City of Gering, Nebraska."

The provisions of the warranty deed, executed by

Julia Huffman on March 5, 1927, for a consideration of $2,500 to the city, insofar as pertinent here are set out as follows.

The granting recital is:

"* * * in hand paid do hereby grant, bargain, sell, convey and confirm unto The City of Gering of the County of Scotts Bluff and State of Nebraska the following described real estate * * *."

The description recital is:

"* * * the following described real estate situated in Gering in Scotts Bluff County and State of Nebraska to-wit: Lots 1, 2, 3, 4, 5, 6, 16, 17 and 18 of Huffmans Subdivision of Block Twenty-one (21), Gardners Addition to the City of Gering. *Said property to be used for the use and benefit of the Citizens of the said City of Gering, Nebraska.*" (Emphasis supplied.)

The habendum clause of the deed is:

"TO HAVE AND TO HOLD the premises above described, together with all the Tenements, Hereditaments and appurtenances thereunto belonging, unto the said City of Gering *forever.* And I do hereby covenant with the said Grantee that I am lawfully seized of said premises; that they are free from encumbrance that I have good right and lawful authority to sell the same; and I do hereby covenant to warrant and defend the title to said premises against the lawful claims of all persons whomsoever." (Emphasis supplied.)

The trial court found that the deed conveyed the real estate to the City of Gering as trustee for the use and benefit of the citizens of said city and that the city now owns the property as a trustee of a charitable trust and is without authority to sell, alienate, or convey the fee title to the premises. The plaintiff appeals.

What is the proper interpretation of the words in the description recital, "to be used for the use and benefit of the Citizens of the said City of Gering, Nebraska."

As pointed out later in this opinion, we see no inconsistency or ambiguity in these successive clauses in the

deed. However, in construing a deed the court will presume the grantor intended the deed to be a consistent whole, and if it can reasonably be done, the court will harmonize ambiguous expressions with the plain provisions of the deed to effectuate the grantor's intent. Arthur v. Arthur, 115 Neb. 781, 215 N. W. 117; In re Estate of Hart, 137 Neb. 843, 291 N. W. 502; Marsh v. Marsh, 92 Neb. 189, 137 N. W. 1122.

Section 76-104, R. R. S. 1943, provides as follows: "An otherwise effective conveyance of property transfers the entire interest which the conveyor has and has the power to convey, unless an intent to transfer a less interest is *effectively manifested.* No words of inheritance or other special words are necessary to transfer a fee simple." (Emphasis supplied.)

The granting clause in this deed is without limitation. The habendum clause also is without limitation, and the courts have construed the use of the word "forever" (habendum clause) in like situations to import the creation of an absolute or fee simple estate. 36A C. J. S., Forever, p. 1098; In re Estate of Lewis, 248 Iowa 227, 80 N. W. 2d 347.

Ordinarily in the event of repugnancy and inconsistency between the grant, habendum, and description clauses of the deed, the granting clause will prevail. Clark v. Continental National Bank, 88 F. Supp. 324; Annotation, 84 A. L. R. 1054 and 58 A. L. R. 2d 1374. See, also, 16 Am. Jur., Deeds, § 232, p. 566, notes 13, 16, and 17, citing A. L. R. and L. R. A. annotations.

But, these rules of construction, although sufficient to decide this case, do not reach the deeper question of whether there really is a repugnancy or ambiguity in this deed. Is there a repugnancy from the use of these words in a clause attached to the recital of description in the deed? We think not. This language did not create a charitable trust as the trial court found. We note the following factors gathered from the language of the whole instrument:

1. The property was conveyed to the City of Gering with directions that it was to be used for the very purpose for which the municipality was created, namely, for the use and benefit of the citizens of the City of Gering.

2. The deed was for a substantial consideration, $2,500.

3. There is no reverter clause, language of special limitation on the use of the property itself, or directions to a designated trustee.

We feel that the language in question here is no more than a declaration as to the powers and restrictions that already are imposed by law on the City of Gering.

The intention to transfer a lesser interest than the fee, in the light of these inferences from the language of the instrument itself, cannot be found to be effectively manifested.

In Clarke v. Sisters of Society of the Holy Child Jesus, 82 Neb. 85, 117 N. W. 107, the grant was as follows: "One of the conditions upon which this property is conveyed is that the grantee herein hereby agrees to teach the parochial school children (whose parents are known to be unable to pay) free of charge, and *if the grantee herein should fail to use the said property for convent school purposes, or refuse to teach the parochial school children as agreed above, or shall divert said property to any other use,* then the said property herein conveyed shall revert to and be the property of the grantor, if living, and, if dead, to his heirs." (Emphasis supplied.)

In construing this deed, the court found that the general purposes of the Society were for the same purposes for which the deed was conveyed and said: "The general rule appears to be that, where property is conveyed directly to a corporation to hold for purposes for which the corporation was created, no trust for the benefit of others arises. There are no apt words in the deed to create a trust, or making the grantee a trustee

of the property. On the contrary, it is evidence that the grantor intended to vest the legal title absolutely in the corporation for use in its corporate business, subject to the conditions named. * * * *The property was to be owned absolutely by the society and used for promoting the very purpose for which it was organized.* We are unable to see any legal principle upon which a charitable trust in this property can be established, and, if no trust was created by the deed of conveyance, the plaintiffs in this action have no interest to protect, and no interest which qualifies them to maintain the action." (Emphasis supplied.)

In Society of the Home for the Friendless v. State, 58 Neb. 447, 78 N. W. 726, the grant was: "The State of Nebraska for the use and benefit of the home for the friendless in the State of Nebraska." In holding that no trust was created, the court said: "We are not warranted in holding that the language quoted from the deed was intended to create a trust, * * * the purpose of the language was to describe the *use to which the property should be devoted, and not to create a trust.*" (Emphasis supplied.)

The appellees' contention is based on cases where the declaration of the grant dedicated the property for specific use, such as a park and for no other purpose, Abel v. Girard Trust Co., 365 Pa. 34, 73 A. 2d 682; or, land dedicated "for the use of schools," Special School Dist. No. 5 v. State, 139 Ark. 263, 213 S. W. 961; and other dedications of land to a municipality specifically for the creation of parks or public squares, Massey v. City of Bowling Green, 206 Ky. 692, 268 S. W. 348; Hall v. Fairchild-Gilmore-Wilton Co., 66 Cal. App. 615, 227 P. 649. These cases are distinguishable not only because of the impact of the precise language used in the grants declaring a trust, but also because a declared use of the property itself was impressed and imposed by the charitable donor. The appellees do not discuss or distinguish Clarke v. Sisters of Society of the Holy Child Jesus,

*supra,* and Society of the Home for the Friendless v. State, *supra,* cited by the appellant and quoted from in this opinion.

We hold that there was no repugnancy in the different clauses of this deed, that the City of Gering received title in fee simple absolute, and that there is no impediment to alienation. The judgment of the trial court is reversed and the cause remanded with directions to enter a judgment in conformity with the opinion herein.

REVERSED AND REMANDED WITH DIRECTIONS.