ELIZBETH M. CARLSON ET AL., APPELLANTS, V. CITY OF FREMONT, DODGE COUNTY, NEBRASKA, ET AL., APPELLEES.

142 N. W. 2d 157

Filed April 29, 1966. No. 36222.

Edward J. Robins, for appellants.

Max A. Powell and Ray C. Simmons, for appellees.

Heard before CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and RONIN, District Judge.

CARTER, J.

This is a suit for an injunction in which plaintiffs sought to enjoin the city of Fremont and its officers from converting any part of a city park to use as a fire engine station or any other use incompatible with its use as a public park. The trial court denied an injunction and plaintiffs have appealed.

Plaintiffs are lot owners across the street from the park, who claim their properties will be irreparably damaged in value and use by the construction of the fire station. The city admits that it will construct the fire station in the park area unless restrained by the court.

On January 6, 1857, a plat of the Town of Fremont was certified by a surveyor. The plat showed the Town of Fremont as being laid out by streets, blocks, and lots. Two city blocks were shown as a park. On October 1, 1860, two patents were issued by the United States to E. H. Rogers, chairman of the board of trustees of the Town of Fremont covering two areas of 160 and 120 acres which included the park involved in this litigation. The patents granted the land to the chairman of the board of trustees in trust for the several use and benefit of the occupants of the town according to their several interests in accordance with an act of Congress enacted in 1844. No park was mentioned in either of the patents.

The chairman of the board of trustees deeded part of the lots to private owners in 1860. In 1861 the board of trustees moved the park one block east of its then location by including the city block to the east and vacating the city block constituting the west half of the park as

it was first shown on the plat. This action by the board of trustees was approved by the Territorial Legislature on January 9, 1862. The park has remained in its present location since the happening of the foregoing events. On June 8, 1965, the city council of the city of Fremont adopted a resolution directing the construction of a fire station in a designated portion of the existing park, resulting in the litigation now before this court.

For the purposes of the case it will be conceded that plaintiffs as the owners of property adjacent to the park will suffer some permanent damage by the construction of the fire station on the park property. The primary issue is whether or not the park area has been dedicated in perpetuity as a park in a manner requiring that it be used exclusively as a public park.

It appears that in 1861 the Town of Fremont did not have legislative authority to vacate parks and close streets and alleys, hence the confirming legislative action in 1862. A suit was subsequently brought to test the validity of the action of the board of trustees and the confirming legislative action. It was sustained in this court. Kittle v. Fremont, 1 Neb. 329. In that case this court said: "It is, as has been urged, that the action of the town board in making this change was entirely without authority of law, and therefore void, and being void, the act of the legislature ratifying and confirming their acts, can have no binding force or effect whatever. Now, without any reference to the effect, if any, of this confirmatory statute upon private rights and interests, we are quite clear that so far as the public are concerned, it was entirely competent and proper for the legislature to enact it, and that to this extent full effect must be given to its provision." The effect of this decision is to hold that the park was not at that time exclusively dedicated to park use, a conclusion borne out by the patents issued by the United States which made no reference to park use. It is evident that the Town of Fremont was originally established on the public lands of the United

States and that patents were issued to the chairman of the board of trustees for the sole purpose of conveying title to occupants of the town according to their several interests, as provided by an act of Congress.

It is ordinarily the rule that where a municipality receives lands by outright grant, purchase, or absolute gift, its use or sale is for the determination of such municipality. See City of Gering v. Jones, 175 Neb. 626, 122 N. W. 2d 503. The conveyance of the property by patent in the instant case was in effect a transfer of the fee title. It was not dedicated to any specific use which was a condition of the grant. Under such circumstances a municipality, as any fee owner, may make such use of it as may be desired, or convey it in such manner as the statutory law provides. It is only when land is received by gift or purchase, conditioned for a specified public use, that a trust for the benefit of the public arises.

In Reichelderfer v. Quinn, 287 U. S. 315, 53 S. Ct. 177, 77 L. Ed. 331, 83 A. L. R. 1429, the court said: "It has often been decided that when lands are acquired by a governmental body in fee and dedicated by statute to park purposes, it is within the legislative power to change the use (citing cases). The abutting owner cannot complain; the damage suffered by him 'though greater in degree than that of the rest of the public, is the same in kind.' (Citing cases)."

In Collins v. Board of Commissioners, 20 Wyo. 517, 126 P. 465, the Wyoming court had a very similar case before it. In that case the court said: "The patent purports to convey the fee; and neither the Act of Congress nor the patent contains any words of limitation, condition or restriction; nor is there anything in either limiting or restricting the use of the premises to any particular purpose. We are clearly of the opinion that by the terms of the Act of Congress and the patent, the County of Big Horn became the owner of the courthouse square in fee simple and that the title would not revert

to the government in case the county should cease to use it as a courthouse square. It has been repeatedly held that, 'where a deed purports on its face to be a grant absolute and in fee, the expression in the deed of a purpose respecting the particular use to which the property is to be appropriated will not of itself make the estate conditional.' " See, also, Keatley v. County Court, 70 W. Va. 267, 73 S. E. 706, Ann. Cas. 1913E 523.

It appears to be the contention of the plaintiffs that the designated use of the two city blocks as a park for a long period of time has the effect of creating a park in perpetuity. The city is the owner of the fee title without conditions attached and, under such circumstances, it may make such public use of it as it sees fit. The dedication of land for a specified purpose by a third person may, under proper circumstances, restrict the future use of the property. See City of Gering v. Jones, *supra.* But real property of a municipality owned in unconditional fee may generally be put to such public use as the municipality may determine.

A text writer states the rule as follows: "A municipal corporation may receive lands on condition that they continue to be used for park purposes, and when they cease to be so used they revert to the grantor. But where lands are conveyed to a municipality in fee simple, free from any trusts or conditions, and afterwards used for park purposes, the municipality may sell and convey the lands to any grantee that it may choose, under its charter power to sell and dispose of any property owned by it, or it may devote the property to other public uses, and where property is acquired and paid for by a city from the general fund, with the intention of using it for a particular purpose specified in the ordinance authorizing the taking, such contemplated use may be changed by the city to another and entirely different use as the requirements and needs of the city may demand." 10 McQuillan, Municipal Corporations, (3d Ed.), § 28.52, p. 126.

We think the correct rule is stated in Seattle Land & Improvement Co. v. City of Seattle, 37 Wash. 274, 79 P. 780, wherein the court said: "An examination of the authorities cited by the respective parties hereto, and such others as we have been able to examine, shows that a clear distinction is observed between those cases where the fee of the property is acquired (by purchase, condemnation, or otherwise), and those cases wherein the city obtains merely an easement; also, between cases where the full purchase price is paid by the city from its general fund, and those cases where the property is dedicated or donated for some specific public use, or conveyed with some restriction, or where payment is provided by assessment upon neighboring property specially benefited by the contemplated use. In the case at bar the city acquired the full and complete legal title in fee to this property, without restriction of any kind; and paid, so far as the record shows, the full value therefor from the general fund. It was not a dedication or donation, or a conveyance to the city with any limitations or restrictions. The city having thus acquired the property, and, in its wisdom, decided thereafter that the contemplated use should be changed, and that its welfare and necessities required a use for economic purposes, we are unable to find any authority authorizing the appellant to interfere with the respondents' actions in this direction. Brooklyn Park Com'rs v. Armstrong, 45 N. Y. 234, 6 Am. Rep. 70; Curran v. Louisville, 83 Ky. 628."

The city in the instant case was the owner of the fee title to the city park. No restrictions or conditions were attached to the grant. Under such circumstances, the use of the park property is within the discretion of the city. The trial court having reached this same conclusion, its judgment is correct.

AFFIRMED.