Neta May HANSEN, Executrix of the
Estate of Otto H. Hansen,
Deceased, Plaintiff,

v.

Richard P. VINAL, Defendant.

Civ. No. 02368.

United States District Court
D. Nebraska.

Jan. 31, 1968.

Edgar R. Geesaman, of Fitzgerald, Brown, Leahy, McGill & Strom, Omaha, Neb., for plaintiff.

Howard N. Singer, Trial Atty., Tax Division, Department of Justice, Washington, D. C. and Russell J. Blumenthal, Asst. U. S. Atty., Omaha, Neb., for defendant.

## MEMORANDUM

RICHARD E. ROBINSON, Chief Judge.

This is an action for the recovery of estate taxes assessed by the defendant and paid by the plaintiff plus interest from the date of payment. The provisions of 28 U.S.C. § 1340 grant this Court jurisdiction. The case was tried to the Court upon an agreed stipulation of facts together with attached exhibits.

Otto H. Hansen died testate on June 27, 1962. His Last Will and Testament was presented to the County Court of Knox County, Nebraska, on July 2, 1962, and was admitted to probate on August 3rd of that year. Included among the assets of the estate were parcels of real estate located in South Dakota and Colorado, and ancillary proceedings were granted in the proper counties of each of these states. Plaintiff, the widow of the decedent and executrix of his estate, filed a Federal Estate Tax Return on September 9, 1963, and paid the tax which she had computed to be due. The Commissioner of Internal Revenue subsequently disallowed certain amounts claimed as a marital deduction. Plaintiff paid the additional amounts assessed, filed her claim for refund, and when the claim was not allowed, brought this action.

The question presented is whether certain amounts which were received by the plaintiff under the terms of the testator's Last Will and Testament qualify for the marital deduction under Section 2056 of the Internal Revenue Code of 1954. In particular, whether the interest received by the widow was "terminable" and therefore unavailable for the deduction. Section 2056 provides, in part, as follows:

" *   *   *   *   *   *

[b] Limitation in case of life estate or other terminable interest.—

■ General rule.—Where, on the lapse of time, on the occurrence of an event or contingency, or on the failure of an event or contingency to occur, an interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed under this section with respect to such interest—

*   *   *   *   *   *

■ Interest of spouse conditional on survival for limited period.—For purposes of this subsection, an interest passing to the surviving spouse shall not be considered as an interest which will terminate or fail on the death of such spouse if—

[A] Such death will cause a termination or failure of such interest only if it occurs within a period not exceeding 6 months after the decedent's death, or only if it occurs as a result of a common disaster resulting in the death of the decedent and the surviving spouse, or only if it occurs in the case of either such event; and

[B] Such termination or failure does not in fact occur.

The regulations interpreting the 6 months exception, while recognizing that a condition could be declared in terms other than survival for a stated period of time, insist the condition, whatever its terms, must be of such nature that it *must* occur within six months. [26 C.F.R. 20.2056(b) (3)]. That regulation has been in effect for many years and has assumed the force of law.

The decedent's will contains the following provisions:

"2. The first to die does hereby give, devise and bequeath unto the survivor all of his or her property of every kind and nature, both real and personal, to be the absolute property of such survivor for all intents and purposed.

*   *   *   *   *   *

"4. In the event that we the joint makers of this will should be taken from this life at or about the same time, or in the event the survivor should not live long enough to probate the will of the first to die, then and in that event, we the joint makers

hereof make the following disposition of all our joint and separate property."

■ The initial question of what property rights are given by the terms of the Will is a matter of state law, but the ultimate test, whether the particular interest given qualifies for the marital deduction, is exclusively a question of federal law.

We have concluded that the interest passing to the plaintiff, Neta May Hansen, was terminable within the meaning of Section 2056.

■ Even though the law of each state involved favors an early and indefeasible vesting of estates, the guiding principal in each is to give effect to the clear intent and meaning of the lawful provisions of the will. The decedent's will clearly and unambiguously conditioned his grant to his wife upon her survival for a period of time after his death.

Furthermore, we can see no basis in the argument that the provision is invalid.

Each state where property was located has recognized the validity of an estate subject to a condition. Ingraham v. Ingraham, 145 Neb. 330, 16 N.W.2d 445 [1944]; In re Carr's Estate, 173 Neb. 189, 112 N.W.2d 786 [1962]; In re Havegaard's Estate, 59 S.D. 26, 238 N.W. 130 [1931]; Kellar v. Kasper, 138 F.Supp. 738 [S.Dak.1956]; Burden v. Colorado National Bank, 116 Colo. 111, 179 P.2d 267 [1947]. The word "probate" has a definite and well defined meaning in Nebraska law. Pettit v. Black, 13 Neb. 142, 12 N.W. 841 [1882]; In re Renter's Estate, 148 Neb. 776, 29 N.W.2d 466 [1947]; Brown v. Applegate, 166 Neb. 432, 89 N.W.2d 233 [1958].

■■ The case last cited offered the following definition:

"The probate of a will has been defined to be the proof before an officer authorized by law that the instrument offered to be proved or recorded is the last will and testament of the deceased person whose testamentary act it is alleged to be. * * *"

In short, an estate subject to a condition is lawful and the word "probate" does not inject such ambiguity into the condition as to allow this Court to ignore the provision. [Compare Kellar v. Kasper (supra)].

Alternatively, the plaintiff contends that even if the interest is terminable within the meaning of § 2056, that the condition here imposed falls within the exception to the rule. It is her position that because the probate of a will takes place in the vast majority of cases within a period of less than six months that the 6 months exception is applicable. She admits, however, that it is possible for a will to take more than six months to probate and that such has occurred.

■ We have concluded that the event upon which the grant is conditioned must necessarily occur within six months of the testator's death. There is no question but that the event of "probate" may not occur within six months, and we consider that fact to be determinative.

In a last effort the plaintiff argues that the use of the word "enough" in the condition changes this result. Thirty to sixty days, it is reasoned, are sufficient and adequate time to accomplish the probate of a will therefore the event would necessarily occur before the lapse of six months. This approach fails for the same reason; while thirty to sixty days may normally be sufficient, it is not necessarily "enough".

It follows that plaintiff cannot recover the amounts claimed.

The foregoing shall constitute findings of fact and conclusions of law in accordance with Rule 52[a] of the Federal Rules of Civil Procedure. Counsel for the defendant will prepare and submit an appropriate Order of Judgment within fifteen [15] days.

Dated this 31 day of January, 1968.